UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT WESLEY TAYLOR, II,

        Plaintiff,

v.                            CASE NO. 07-12723
                              HONORABLE DENISE PAGE HOOD

THE CITY OF DETROIT,

        Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING

**I.  INTRODUCTION**

This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order filed August 17, 2007 seeking to enjoin the 36th District Court from trying his case and a declaration that Defendant's ordinances violate his Constitutional rights under the Due Process Clause of the Fourteenth Amendment.

Plaintiff received three ordinance violation tickets numbered 804-856-07, 804-857-07, and 804-858-07 in or about May 2007.  Plaintiff appears to argue that he was already cited for, and administrative proceedings were already adjudicated on the above listed violations.

**II.  STANDARD**

Federal Rule of Civil Procedure 65(b) provides that a temporary restraining order, which states in pertinent part as follows:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney *only if* (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and

> irreparable injury, loss or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, *and* (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required . . . .

Fed. R. Civ. P 65(b)(emphasis added). Rule 65(b) states that the possibly drastic consequences of a restraining order mandate careful consideration by a trial court faced with such a request. 1966 Advisory Committee Note 65(b). Before a court may issue a temporary restraining order, it should be assured that the movant has produced compelling evidence of irreparable and imminent injury and that the movant has exhausted reasonable efforts to give the adverse party notice. *Fuentes v. Shevin*, 407 U.S. 67 (1972); *Boddie v. Connecticut*, 401 U.S. 371(1971); *Sniadach v. Family Finance Corp.*, 339 U.S. 337 (1969); 11 Wright & Miller, Federal Practice and Procedure § 2951, at 504-06 (1973). Other factors such as the likelihood of success on the merits, the harm to the non-moving party and the public interest may also be considered. 11 Wright & Miller at § 2951, at 507-08.

In support of his motion, Plaintiff attaches a 14-Day Notice For Misdemeanor Complaint and a copy of the Misdemeanor Complaint and a Blight Violation Notice, the latter two in an apparent attempt to establish the varying degrees of punishment available for each.

### A. Irreparable Harm

The Court finds that Plaintiff has not shown that he will suffer irreparable harm form the issuance of the 14-Day Notice For Misdemeanor Complaint, issued on August 6, 2007. Other than Plaintiff's conclusory statements that this is a violation of his constitutional rights, Plaintiff has not demonstrated how he will be irreparably harmed from the issuance of this Notice. Plaintiff has not indicated why he will be irreparably harmed by having to personally appear in

court within fourteen days of the date of the Notice.

### B. Notice

Plaintiff fails to indicate what efforts, if any, were made to give notice to Defendant and the reasons why notice should not be required. Plaintiff does not address why notice to the Defendant would precipitate the harm he complains of, other than his conclusory allegations that the ordinance violation tickets, and the 14-Day Notice For Misdemeanor Complaint are unconstitutional. He has not demonstrated that he will suffer irreparable injury if Defendant is given notice and an opportunity to be heard on this matter.

### C. Likelihood of Success on the Merits

Plaintiff likewise fails to demonstrate a likelihood of success on the merits, other than by conclusory statements that the ordinances, tickets and Notice of Misdemeanor Complaint are unconstitutional.

### D. Public Interest

This Court notes that there is a public interest in ensuring that a city's ordinances and rules are constitutional and do not violate an individual's due process rights. However, Plaintiff has not demonstrated that the public interest factor weighs substantially in his favor.

## III. CONCLUSION

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Temporary Restraining Order [**Docket No. 5, filed August 17, 2007**] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Jurisdiction and Hearing Under Local Criminal Rule 58 [**Docket No. 6, filed August 17, 2007**] is DENIED. Local Criminal

Rule 58,Forfeiture of Collateral in Lieu of Appearance in Accordance with Fed. R. of Crim. P. 58(d)(1), is inapplicable to the instant civil matter.

                                                                   /s/ Denise Page Hood
                                                                   DENISE PAGE HOOD
Dated: August 20, 2007                          United States District Judge

     I hereby certify that a copy of the foregoing document was served upon counsel of record and Robert W. Taylor, 14461 Faust, Detroit, Michigan 48223 on August 20, 2007, by electronic and/or ordinary mail.

                                                                   S/William F. Lewis
                                                                   Case Manager