UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ROBERT WESLEY TAYLOR, II,**

      **Plaintiff,**

v.                                     **CASE NO. 07-12723**
                                           **HONORABLE DENISE PAGE HOOD**

**THE CITY OF DETROIT,**

      **Defendant.**

_____/

**ORDER DISMISSING COMPLAINT**

**I.    INTRODUCTION**

This *pro se* action is brought pursuant to 42 U.S.C. § 1983, alleging violations of the Equal Protection and Due Process clauses of the Fourteenth Amendment. Plaintiff's principle arguments appear to be that he is being denied due process and equal protection because the Defendant's, City of Detroit, Municipal Code permits the issuance of misdemeanor nuisance tickets against the Plaintiff due to his storage of inoperable and unlicensed vehicles on his premises.

Plaintiff received three ordinance violation tickets numbered 804-856-07, 804-857-07, and 804-858-07 in or about May 2007. These tickets are the subject of Plaintiff's Complaint, filed on June 27, 2007. Plaintiff asserts that his rights under the Equal Protection and Due Process clauses have been infringed upon by Defendant because Plaintiff received these tickets as a result of anonymous citizen complaints, while other nearby residents, who also store inoperable and unlicensed vehicles on their premises in violation of Defendant's ordinances, are not ticketed. Plaintiff's alternative argument is that his constitutional rights have been violated because he

received a variance from Defendant's 36th district court relative to the storage of his inoperable vehicles. Plaintiff asserts that he and the Defendant reached an agreement whereby Plaintiff agreed to build and maintain an opaque fence around the perimeter of his property, and Defendant agreed to cease ticketing him for the storage of his vehicles.

On August 18, 2007, Plaintiff filed a Motion for Temporary Restraining Order seeking to enjoin the 36th District Court, Detroit, Michigan, from prosecuting his case related to the above-named tickets, and a declaration that Defendant's ordinances violate his Constitutional rights under the Due Process Clause of the Fourteenth Amendment. The Court denied Plaintiff's motion on August 20, 2007.[1] A bench trial was held on December 1, 2008, December 2, 2008, and December 8, 2008. For his case-in-chief, the Plaintiff called (1) Steven Kent Leggett, an employee with the Defendant's Environmental Affairs Department, (2) Detroit Police Officer Timothy Cox, who issued the tickets that are the subject of this action, and (3) Plaintiff, Robert Wesley Taylor.[2] The Defendant produced no witness testimony, but did cross-examine all of Plaintiff's witnesses. For the reasons discussed below, the Plaintiff's Complaint is subject to dismissal.

**II.     LAW & ANALYSIS**

Individuals who are deprived of their constitutional rights by an official acting under color of law are provided a remedy via federal statue, specifically, 42 U.S.C. § 1983. *See Monroe v. Pape*, 365 U.S. 167, 173 (1961), *rev'd on other grounds, Monell v. Dep't of Soc. Servs*., 436 U.S. 658

---

[1] It appears that the current action in the 36th district court is stayed pending the outcome of this matter.

[2] Plaintiff listed three other officers on his witness list, however he failed to subpoena said officers, and in any event, none of the remaining officers on his witness list are still employed by the Detroit Police Department, and they have no connection with the tickets giving rise to this cause of action.

(1978). Section 1983 is not itself a source of constitutional rights, but only the method for vindicating constitutional or federal rights elsewhere conferred. As such, "[t]o successfully state a claim under § 1983, a Plaintiff must identify a right secured by the United States Constitution and the deprivation of that right by a person acting under color of state law." *Russo v. City of Cincinnati*, 953 F. 2d 1036 (6th Cir. 1992); *see also*, *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail. *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

In order for a municipality to be liable under Section 1983 there must be some evidence that "execution of [the] government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell*, 436 U.S. at 694. Generally, the doctrine of *respondeat superior* has no application in a § 1983 claim absent an allegation that the defendants were following the government's policies or customs. *Dunn v. Tennessee*, 697 F. 2d 121, 128 (6th Cir. 1982). Rather, "the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution. *Monell*, 436 U.S. at 690.

### A.     Plaintiff's Fourteenth Amendment Claims

#### 1.     Introductory Matter

At the outset, the Court notes that Plaintiff, in addition to his Fourteenth Amendment related allegations, raised an additional argument at trial that was not alleged in his Complaint. Plaintiff argued at trial that based on a prior proceeding in the 36th District Court for the City of Detroit, the city had issued him a zoning variance because he had agreed to build an opaque, tarpaulin, privacy fence. As Plaintiff did not allege this as a claim for relief in his Complaint, the Court is without

authority to grant him a remedy based on this allegation, and in any event, such a claim, has no merit based on the exhibits Plaintiff produced and his trial testimony. Plaintiff testified that he has not maintained this fence since 2003. As such any agreement he had with the City of Detroit, which would have created a 'constructive' zoning variance, if such a thing exists, allowing him to store his inoperable and unlicensed vehicles on his property is void for Plaintiff's lack of performance on the underlying agreement.

On February 1, 1999, Plaintiff appeared before the Honorable Lydia Nance Adams in the 36th District Court for the City of Detroit, *People v. Robert Taylor,* Case No. V-440-857, in regard to the same issues Plaintiff was ticketed for in May 2007:

> MR. SCOTT: [Assistant Corporation Counsel, appearing on behalf of the city of Detroit]: Your Honor, there is one more item. I am not sure if it is on the slip. Mr. Taylor agreed by May Fifteenth, of this year, he will have a fence put up.
>
> THE COURT: An opaque fence.
>
> MR. SCOTT: Opaque.
>
> DEFENDANT TAYLOR: Opaque.
>
> THE COURT: All right. Let me put that on here as well (indicating). On all of these, I am going to mark on here dismiss upon compliance, with payment of fines and costs on the other matters.
>
> MR. SCOTT: Also, with regard to Mr. Taylor. I will speak to the Police and DPW that until May Fifteenth they are basically not to disturb him. *And he has promised that he will properly maintain the property*. I am informed that he does still have vehicles and there are some other items, but he essentially will not let it get any worse than what it is. *And by May Fifteenth the problem will be resolved. Is that correct, sir?*
>
> DEFENDANT TAYLOR: *Yes, sir.*

Plf.'s Ex. 3, at 3-4 (emphasis added).[3] The Court has reviewed exhibit four, which is a transcript from a hearing held on June 30, 1999 for the same case. Plaintiff also introduced exhibit four at trial in support of this claim, and the Court concludes that it does not alter this Court's decision that the issuance of a 'constructive' zoning variance precludes Defendant from issuing tickets to Plaintiff, as he has failed to maintain the opaque, privacy fence as he agreed to do in February 1999.

    **2.**     **Equal Protection Clause**

Plaintiff alleges that Defendant has violated his right to equal protection under the law because Defendant does not issue ordinance violation tickets to other individuals residing in Plaintiff's neighborhood who similarly park inoperable and unlicensed vehicles. The Fourteenth Amendment to the United States Constitution states that "no State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV § 1. Claims brought pursuant to the Equal Protection Clause usually involve members of a protected class alleging disparate treatment as compared to members of another class, however the Supreme Court has also held that the Equal Protection Clause can give rise to a claim for a "class of one" under certain circumstances. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). As such, in order for Plaintiff to state an equal protection violation based on selective prosecution, Plaintiff must demonstrate that (1) he has been intentionally treated differently from others who are similarly

---

[3] On that date, Plaintiff was before the court on four pending citations. It appears from the transcript that Plaintiff pled no contest to citation number V-440-857, violation of the same section of the Defendant's city code that is the subject of this lawsuit, and the court dismissed the other three tickets. *See* Def.'s Ex. A, Detroit City Code, Chap. 9 [Buildings and Building Regulations], Art. 1, Division 4, Sect. 9-1-110. As such, in addition to entering this plea, the agreement between the parties was for Plaintiff to maintain an opaque fence. Any representations that all of the charges were dismissed due to the agreement to build the opaque fence is a mis-characterization of the proceedings held on February 1, 1999.

situated and (2) there is no rational basis for the difference in treatment. *Id.* Once Plaintiff successfully identifies similarly situated individuals he must negate every possible basis supporting the government conduct or show that the challenged conduct was motivated by animus or ill-will. *See Klimek v. Kent County Sheriff's Dep't, 91 Fed. Appx*. 396, 400 (6th Cir. 2004).

The Court need not address the second prong of the *Olech* test as Plaintiff has failed to demonstrate that he has been treated differently than others who are similarly situated. In support of Plaintiff's equal protection claim, he introduced photographs as exhibits five through thirteen at his trial. All the photographs purported to show other inoperable and unlicensed vehicles parked in his neighborhood, and in violation of the Defendant's ordinances. The photographs do not establish that the Plaintiff has been treated differently than others who are similarly situated because Plaintiff admitted at trial that all of the photographs were taken during the years 1999 and 2000. As such, they are not relevant to the time period that Plaintiff received the tickets that are the subject of this action, 2007. Plaintiff further testified that he had no knowledge as to whether the owners of the vehicles depicted in the photographs had been issued similar misdemeanor nuisance violations. Officer Timothy Wayne Cox[4] testified that, as to one of the vehicles, a powder blue pick-up truck, depicted in Plaintiff's exhibit five, he remembers issuing a ticket for an ordinance violation to the vehicle's owner. Steven Kent Leggett, who is employed with the Defendant's Environmental Affairs Department, testified that based on each of the exhibits presented by Plaintiff, he could not discern from the photograph itself whether it depicted a *prima facie* case of a violation. However,

---

[4] Officer Cox has been with the Detroit Police Department for fifteen years, from 2005 through 2007, he was in the Northwest Environmental division within the department. He now is assigned to the copper theft task force. Officer Cox issued the tickets that are the subject of the present matter.

the Court notes that there are no addresses or other identifying marks on the photographs, no documentary information as to the owners of the vehicles and whether or not the owners have been ticketed for noncompliance with Defendant's city code.[5] Plaintiff has failed to state an equal protection claim.

### 3.    Due Process Clause

Plaintiff's allegations in regard to the Due Process Clause of the Fourteenth Amendment are somewhat vague in his Complaint, and were not clarified during his case-in-chief at trial. Notwithstanding the Court's uncertainty, Plaintiff has failed to demonstrate either a violation of his procedural or substantive due process rights. In order for this Court to determine whether Plaintiff has established that his procedural due process rights have been violated it must engage in a two-step inquiry. The Court must determine whether a liberty or property interest has been interfered with by the state, and second, whether the procedures used to deprive Plaintiff of such interest were constitutionally sufficient. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 461 (1989). Assuming that Plaintiff has established the deprivation of a property or liberty interest, he has failed to allege, much less demonstrate, constitutionally deficient procedures in such deprivation. Plaintiff cannot prove a violation of his procedural due process rights.[6]

---

[5]  The Court notes that Plaintiff testified during trial as to the location, all apparently within close proximity to Plaintiff's residence, of the vehicles depicted in the photographs. For instance, Plaintiff testified that exhibit five shows an abandoned vehicle parked on Faust Street, near Schoolcraft Road, and exhibit six shows a vehicle with no license plate parked on the west side of the street in the same area. Plaintiff further testified that exhibit seven portrays a dump truck, and exhibits eight and nine depict unlicensed vehicles, all parked on the street in the same area as exhibits five and six. Plaintiff further testified that the unlicensed vehicle in exhibit number nine had been parked in that same spot for at least a year.

[6]  To the extent this claim relates to Plaintiff's dissatisfaction with Defendant's policy, carried out through its employees, as to not revealing who is contacting city officials and

"Substantive due process claims usually fall within one of "two main categories: (1) claims asserting the deprivation of a particular statutory or constitutional right, privilege, or immunity, and (2) claims alleging an egregious, arbitrary abuse of government power that 'shocks the conscience.'" *See Buchanan v. Apfel*, 249 F. 3d 485, 491 (6th Cir. 2001). Plaintiff has failed to plead or prove the deprivation of either a statutory or constitutional right, privilege or immunity by the Defendant's actions in issuing misdemeanor nuisance violations for Plaintiff's continuous storage of his inoperable and unlicensed vehicles on his property in violation of the Defendant's ordinances.[7] Similarly, Plaintiff has failed to prove an arbitrary abuse of governmental power that shocks the conscience, which occurs when a defendant acts with "deliberate indifference towards the plaintiff's federally protected rights." *Darrah v. City of Oak Park*, 255 F. 3d 301, 306 (6th Cir. 2001). Mr. Leggett testified that the storage of inoperable and unlicenced vehicles on Plaintiff's property was illegal because they were blight violations and led to rat harborage. Officer Cox testified that blight violations were issued to first time offenders who might park inoperable vehicles for a few days but

---

complaining about Plaintiff's storage of his vehicles, such a policy does not rise to the level of an unconstitutional deficient procedure. It is permissible under Michigan law to allow a police officer to issue tickets when he or she witnesses a municipal code violation. "A police offer who witnesses a person . . . violating a local ordinance . . . , which violation is a civil infraction, may . . . prepare . . . a written citation . . . ." *See* Mich. Comp. Laws § 257.742(1).

[7] Plaintiff filed an action in 2001 for similar issues regarding twenty-six (26) citations for violating the Defendant's ordinances by storing inoperable and unlicensed vehicles on his property between March and July of 2001. *See* Civil Action No. 01-cv-60208. The Honorable Marianne Battani granted the Defendant's motion for summary judgment and dismissed the action on May 28, 2003 because there was no genuine issue of material fact as to any of his claims: (1) Double Jeopardy, (2) Selective Prosecution, (3) Sixth Amendment Confrontation Clause (4) Defendant-Officers committed perjury (this was dismissed pursuant to Fed. R. Civ. P. 12(b)(6) as this is a criminal matter) and (5) malicious prosecution. It is also noteworthy that it appears that Plaintiff raised similar claims in yet another action, which was also dismissed. *See* Civil Action No. 98-cv-70448.

immediately take care of the problem, whereas misdemeanor nuisance violations, of which the Plaintiff's Complaint centers, are issued when there is an ongoing problem that has not been remedied after issuance of a blight violation. *See* fn. 5, *supra*. Such conduct on the part of the City of Detroit does not 'shock the conscience.'

The Court is aware of the fact that Plaintiff's storage of the vehicles giving rise to the tickets at issue in this matter is the result of what Plaintiff describes as his hobby of repairing old cars.[8] Plaintiff's assertion that the repair of these vehicles is not related to an unlicensed commercial enterprise does not render his activities excludable under the applicable section of the Defendant's Property Maintenance Code. *See* Def.'s Ex. A, Detroit City Code, Chap. 9 [Buildings and Building Regulations], Art. 1, Division 4, Sect. 9-1-110. The relevant portion of the Defendant's municipal codes states:

> [I]t shall be unlawful to keep, park, or store inoperative or unlicensed motor vehicle on any premises or property, including any motor vehicle which is in a state of major disassembly, disrepair, or in the process of being stripped or dismantled, provided, that an individual may perform mechanical work on one (1) motor vehicle on the premises or property as long as such work is performed inside a garage or other enclosed structure, or area designed and approved for such purposes.

*Id.* Additionally, Defendant's city code states that "[t]his article . . . establishes the *minimum legal requirements* for the maintenance . . . of all buildings, premises, and structures within the city . . . [and includes] all existing residential . . . buildings." *Id*. at Sec. 9-1-4 (emphasis added). As such, Defendant's enforcement of its Property and Maintenance Code does not violate Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment.

---

[8] In support of this, Plaintiff introduced exhibit fourteen, his NADA, or National Automobile Dealers Association, guidebook record for one of his hobby vehicles.

**III.     CONCLUSION**

Accordingly,

IT IS ORDERED that Plaintiff's Complaint is DISMISSED WITH PREJUDICE.


                                        s/Denise Page Hood
                                        Denise Page Hood
                                        United States District Judge

Dated:  February 27, 2009

I hereby certify that a copy of the foregoing document was served upon:

> Robert Wesley Taylor, II
> 14461 Faust
> Detroit, MI 48223

and counsel of record on February 27, 2009, by electronic and/or ordinary mail.

                                        s/William F. Lewis
                                        Case Manager